IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIANNA DELRAY,
on behalf of PAUL DELRAY,

                                                     OPINION AND ORDER

                Plaintiff,[1]

                                                    13-cv-161-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an appeal of an administrative decision denying Paul Deray's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income for the period beginning on December 2, 2008. The administrative law judge concluded that Delray's degenerative disc disease, left hip dislocation and mental impairments were severe but that none of these impairments met or equalled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and that plaintiff was not disabled because he could perform a wide range of light work.

Plaintiff argues that the administrative law judge made three errors in his decision

---

[1] In the complaint, plaintiff alleges that she is the wife of Paul Delray, who she says died in January 2013. Because the commissioner does not object to the substitution, I will assume for the purpose of this case that plaintiff has the right to appeal on behalf of her husband. E.g., Henderson ex rel. Henderson v. Apfel, 179 F.3d 507, 510 (7th Cir. 1999) (noting spouse's substitution in social security case after claimant died).

1

that require reversal: (1) he did not adequately consider whether Delray's left hip injury met or equaled listed impairment 1.02A; (2) he did not account for Delray's limitations in concentration, persistence and pace when describing plaintiff's limitations to the vocational expert; and (3) he did not give adequate consideration to a functional capacity examination prepared by a therapist in 2001. Because I disagree with each of these arguments, I am affirming the decision.

## OPINION

### A. Listed Impairment

If the administrative law judge determines that the claimant has a "severe" impairment within the meaning of 20 C.F.R. 404.1520, she must determine next whether the impairment "meets or equals a listed impairment" in 20 C.F.R. Part 404, Subpart P, Appendix 1. If it does, the claimant is disabled as a matter of law. 20 C.F.R. § 404.1509.

In this case, after concluding that Delray's left hip injury qualified as a severe impairment, the administrative law judge considered whether the impairment met or equaled Listing 1.02, "major function of a joint." To qualify under 1.02, a claimant must have an "inability to ambulate effectively" or an "inability to perform fine and gross movements effectively." The administrative law judge concluded that Delray's hip injury did not qualify because "there is no evidence that . . . the claimant cannot ambulate effectively or that there is an impairment affecting the upper extremity, resulting in an inability to perform fine and gross movements effectively." AR 26. In addition, he noted that plaintiff "has no

restriction" in his activities of daily living, which included household chores, grocery shopping and yard work. AR 26.

Plaintiff challenges the administrative law judge's conclusion on two grounds: (a) there is "ample evidence" that Delray could not ambulate effectively; and (b) the administrative law judge did not discuss the effect of Delray's obesity on his ability to ambulate, as required by SSR 02-1p. With respect to the evidence in support of inability to ambulate, plaintiff cites records showing that Delray had used a walker and crutches, but these are not persuasive because none of them suggest that plaintiff used these assistive devices on a regular basis. E.g., AR 453 (Delray "uses crutches on occasion d/t back fusion"; also noting that Delray engages in activities such as "cutting wood" and "heavier cleaning"); AR 610 (one week after car accident, noting that Delray has "used a walker minimally" while noting that "[c]hronic back pain stable" and "[r]ecent left hip dislocation . . . is doing well just a few days after the injury"). Plaintiff cites Delray's testimony for the proposition that he "used a cane most days to ambulate," but the actual testimony is just the opposite. In a response to the question, "Do you use a cane often?" Delray stated, "No, I use it when I have to. When the weather changes a lot, it tends to bother my back a lot and affect my right leg." AR 50-51.

Further, I agree with the commissioner that a finding that plaintiff could not ambulate effectively would be contrary to the activities that the administrative law judge found that plaintiff had performed in the recent past, such as yard work, shoveling snow, moving furniture and walking his dog two to three miles a day. AR 28. In his reply brief,

plaintiff says that there is no evidence to support a finding that Delray walked his dog two to three miles a day, but an "encounter note" prepared by Delray's treating physician in March 2010 lists "walking dog 2-3 miles per day" as a form of exercise in which plaintiff engaged. AR 365. Therefore, even if the administrative law judge's statement that there was "no evidence" to support a finding of an inability to ambulate is not literally true, I would not hesitate to find that any error was harmless in light of the strong evidence supporting his conclusion. Schomas v. Colvin, 732 F.3d 702, 707-08 (7th Cir. 2013)("[W]e will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same.").

With respect to the administrative law judge's failure to discuss Delray's obesity, I conclude again that any error is harmless because plaintiff fails to explain how reconsideration could lead to a different result. As plaintiff acknowledges in her reply brief, "You either have an inability to ambulate or you don't." Dkt. #17 at 10. Because the evidence shows that plaintiff *did* have an ability to ambulate despite his obesity, it would be pointless to remand the case simply to require the administrative law judge to make that finding expressly.

### B. Concentration, Persistence and Pace

In his opening brief, plaintiff argues that the administrative law judge erred by finding that Delray had moderate limitations in concentration, persistence and pace because of his pain, but then failing to account for that limitation when asking the vocational expert

4

whether a person with Delray's limitations could perform a significant number of jobs. In response, the commissioner points out that the administrative law judge accounted for the limitation by asking the vocational expert to assume that Delray "would be off task" approximately 25 percent of the day "due to distractions caused by pain or other factors." AR 63. In his reply, plaintiff does not argue that the administrative law judge's question to the vocational expert was inadequate. O'Connor-Spinner v. Astrue, 627 F.3d 614, 619 (7th Cir. 2010)("We also have let stand an ALJ's hypothetical omitting the terms 'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform."). Instead, she raises a new argument challenging as "unreliable" the vocational expert's testimony that a significant number of jobs would be available to someone with the limitations described by the administrative law judge. Plt.'s Rep. Br., dkt. #17, at 6. Because plaintiff did not raise that issue in her opening brief, it is forfeited. Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009).

### C. Therapist Opinion

The final issue relates to the 2001 functional capacity evaluation of Ruth Meehan, who appears to be an occupational therapist. AR 668-78. According to plaintiff, the limitations Meehan found in her evaluation

> would preclude much overhead work, would compromise the light exertional category, e.g., standing/walking 4/8 hours would result in a sedentary exertional category. SSR 83-10. Therefore, these limitations would have a potentially significant impact on the physical occupational base. Of course,

>while these may not necessarily result in a finding of "disabled" by themselves, the mental limitations noted when considered in combination may result in a favorable finding.

Plt.'s Br., dkt. #12, at 26. Plaintiff argues that the administrative law judge erred when he gave "little weight" to Meehan's evaluation because "it is not from an acceptable medical source."

Plaintiff never explains with any specificity how Meehan's opinion could lead to a finding that Delray was disabled, but even if I assume that it could have made a difference, plaintiff has not shown that the administrative law judge erred in declining to give it more weight.  Although plaintiff is correct that an administrative law judge may not reject a opinion simply because it is comes from someone other than a physician, SSR 06-03p, plaintiff has ignored one of the grounds the administrative law judge gave for rejecting Meehan's opinion, which is that it "is not consistent with the claimant's daily activities . . ., which show that he is far less limited." AR 29.  As discussed above, these activities include yard work, shoveling snow, moving furniture and walking his dog two to three miles a day. Even in his reply brief, plaintiff says nothing to undermine this reason for rejecting the therapist's opinion.  Accordingly, plaintiff has waived this issue.

ORDER

IT IS ORDERED that plaintiff Dianna Delray's motion for summary judgment is DENIED and the decision of the commissioner is AFFIRMED.  The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered this 12th day of December, 2013.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge